# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES SYDNEY CURTIS,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN FAYRAM,<br><br>    Respondent. | No. C09-0185-LRR<br><br>ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus, application to proceed in forma pauperis and application for appointment of counsel. The petitioner submitted his applications on December 18, 2009.

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his conviction and resulting sentence. In the Iowa District Court for Clinton County, the petitioner was convicted of first degree murder, in violation of Iowa Code sections 707.1 and 707.2, and first degree robbery, in violation of Iowa Code sections 711.1 and 711.2. *See State v. Curtis*, 2002 Iowa App. LEXIS 944 (Iowa Ct. App. 2002); *see also Curtis v. State*, 2008 Iowa App. LEXIS 591 (Iowa Ct. App. 2008).

An application for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district court where the petitioner is confined or the district court where the conviction occurred. 28 U.S.C. § 2241(d). In furtherance of justice, the district court in which the application is filed may transfer the application to the other district court. *Id*. Federal courts in Iowa have chosen to hear applications attacking a state conviction or sentence in the district in which the conviction occurred.

The court transfers the application forthwith to the United States District Court for the Southern District of Iowa, the district where the conviction occurred. The clerk's office is directed to send the entire file to the Southern District at Des Moines, Iowa and retain a copy of the file.

By this order, the court expresses no opinion as to whether the petitioner's application for a writ of habeas corpus meets the requirements of 28 U.S.C. § 2254 and does not rule on the petitioner's application to proceed in forma pauperis or application for appointment of counsel.

**IT IS SO ORDERED**.

**DATED** this 30th day of December, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA